OPINION OF THE COURT
John A. Carroll, J.
The plaintiff brings this action to recover the sum of $616.13. He alleged that he had to expend this amount because of damages to his cesspool pipe which was due to an accident. He further contends that the damage is covered through a homeowner’s policy with the defendant.
The plaintiff, in his testimony, contends that he was replacing furniture in his home. That two trucks that were carrying this furniture entered upon his driveway to make this furniture delivery, and in so doing disturbed a boulder which was underground and over his cesspool. That the weight of the trucks apparently disturbed the boulder causing it to crush the cesspool pipe.
The plaintiff had to repair the damage after reporting the accident to the defendant and said defendant not remedying the situation.
The plaintiff submitted the paid bill, as well as the homeowner’s policy were received in evidence.
The defendant moved at trial to dismiss this action, contending that pursuant to the exclusion under this type of coverage the defendant would not be liable.
The court, after reviewing the policy and the exclusions in said policy takes judicial notice under exclusions pertaining to coverage A, B and C section 8. This section indicates "Allstate shall not be liable for loss (§ 8 by wear and tear, marring or *328 scratching, deterioration, inherent vice, latent defect).” (Emphasis added.)
The court finds that a boulder under the invisible topography of the premises would not be seen on prepolicy inspection and, therefore, would be considered latent.
Accordingly, the court grants defendant’s motion.
Judgment for defendant.